# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **RODNEY CHATMAN** | **CIVIL ACTION NO. 07-222-P** |
| **VERSUS** | **JUDGE STAGG** |
| **WARDEN TIM WILKINSON** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for disposition.

## STATEMENT OF CLAIM

Before the Court is a petition for writ of <u>habeas corpus</u> filed by <u>pro se</u> petitioner Rodney Chapman, pursuant to 28 U.S.C. § 2254. This petition was received and filed in this Court on February 7, 2007. Petitioner is incarcerated in the Winn Correctional Center in Winnfield, Louisiana, and he challenges his state court sentence. He names Warden Tim Wilkinson as respondent.

On December 6, 1989, Petitioner was convicted of one count of armed robbery in the First Judicial District Court, Parish of Caddo. On May 15, 1990, he was adjudicated a second felony offender. On June 15, 1990, he was sentenced to 33 years imprisonment without benefit of parole, probation, or suspension of sentence. The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence on September 25, 1991. <u>State v. Chatman</u>, (La. App. 2 Cir. 9/25/91), 585 So.2d 1258. The Supreme Court of Louisiana

granted Petitioner's motion to dismiss his writ application on May 1, 1992. State ex rel. Chatman v. Lynn, 597 So.2d 1020 (La. 1992).

In support of this petition, Petitioner alleges (1) his state application for post-conviction relief should have been considered as an exception to La. C.Cr.P. art. 930.8, (2) La. R.S. 15:529.1 is unconstitutional, (3) he received ineffective assistance of counsel, and (4) his sentence pursuant to La. R.S. 15:529.1 is invalid.

Petitioner's claims were not properly exhausted through the appropriate state courts. Petitioner claims he filed an application for post-conviction relief in the trial court on August 16, 2004. He claims the trial court denied his application for post-conviction relief on November 9, 2004. In February 2005, Petitioner sought supervisory review in the Louisiana Second Circuit Court of Appeal. On March 17, 2005, the Louisiana Second Circuit Court of Appeal denied Petitioner's writ application. In April 2005, Petitioner sought writs of review in the Supreme Court of Louisiana. On February 17, 2006, the Supreme Court of Louisiana dismissed his application for post-conviction relief pursuant to Louisiana's procedural bars La. C.Cr.P. art. 930.8 and art. 930.3. State ex rel. Chatman v. State, 2005-1409 (La. 2/17/06), 924 So.2d 1003.

On May 3, 2007, Petitioner was ordered to demonstrate cause for his failure to present these claims to the appropriate state courts and actual prejudice as a result of the alleged assignments of error or to demonstrate that this Court's failure to consider his claim will result in a fundamental miscarriage of justice. [Doc. 2]. On May 8, 2007, Petitioner filed a

response in which he argues that the procedural bar pursuant to La. C.Cr.P. art. 930.8 should not apply to his state court application for post-conviction relief because his claims are based on a new retroactive ruling of constitutional law. [Doc. 4].

For the reasons stated below, Petitioner's complaint should be dismissed.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct.509, 30L.Ed.2d 438, 443 (1971); Rose v. Lundy, supra. When, however, state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims. Sones v. Hargett, 61 F.3d 410 (5th Cir. 1995). Assuming the state procedural bar operates as an independent and adequate state ground, the procedural default doctrine applies, and federal review is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate

that failure to consider the claims will result in a fundamental miscarriage of justice. Sones v. Hargett, 61 F.3d at 418, citing Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

In procedural default cases, the cause standard requires the petitioner to show that some objective factor external to the defense impeded counsel's [or petitioner's] efforts to develop the "factual or legal basis of the claim." Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Objective factors that constitute cause include "interference by officials" that makes compliance with the state procedural rule impracticable and "a showing that the factual or legal basis for a claim was not reasonably available to counsel." Id.

The Supreme Court has long held that comity concerns dictate that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. Coleman, 501 U.S. at 731; Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. The independent and adequate state ground doctrine ensures that the State's interest in correcting their own mistakes is respected in all federal habeas cases. In the absence of the independent and adequate state ground doctrine, habeas petitioners would be able to avoid the exhaustion requirement by

defaulting their federal claims in state court. Id. While subject to rebuttal by the petitioner, the procedural default doctrine presumes that the "state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." Sones, 61 F.3d at 416.

Petitioner argues his claims are not procedurally barred because they are based on a new retroactive ruling of Constitutional law established in Blakely v. Washington, 124 S.Ct. 2531 (2004), Ring v. Arizonia 122S.Ct. 2428 (2002), and Apprendi v. New Jersey, 120 S.Ct.2348 (2000). Petitioner argues that his habitual offender adjudication and sentence are illegal because the judge imposed a sentence beyond the prescribed statutory maximum. He argues that the judge exceeded his authority by considering factors that were not considered by the jury during trial.

Petitioner's conviction became final at the latest in May 1992 (when his motion to dismiss his writ application was granted by the Supreme Court of Louisiana), before Apprendi, Ring and Blakely were decided. These cases do not apply retroactively. See Schriro v. Summerlin, 124 S.Ct. 2519 (2004) and In re Elwood, 408 F.3d 211 (5th Cir. 2005). Therefore, these cases do not apply to Petitioner's case. Furthermore, Petitioner's argument has no merit because sentencing enhancement resulting from the use of a prior conviction is not prohibited by Blakely, Ring, or Apprendi. Because Petitioner has failed to make a showing of cause, the procedural default rule applies, without the necessity of considering whether the alleged constitutional error caused actual prejudice. Murray v. Carrier, 477 U.S.

478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986)); Glover v. Hargett, 56 F.3d 682, 684 (5th Cir. 1995).

Furthermore, Glover v. Cain, 128 F.3d 900 (5th Cir. 1997) clearly establishes that La. C.Cr.P. art. 930.8 is an independent and adequate state ground for rejecting an application for post-conviction relief.

There is a narrow exception to the "cause" requirement which allows the court to consider a claim otherwise abusive. If the petitioner can demonstrate that the alleged constitutional violation probably has caused the conviction of an innocent person and the failure to entertain the claim would result in "a fundamental miscarriage of justice," the court may consider the claim. Murray v. Carrier, supra. The question whether there has been a miscarriage of justice "is concerned with actual as compared with legal innocence." Sawyer v. Whitley, 505 U.S. 333, 339-342, 112 S.Ct. 2514, 2519-20, 120 L.Ed.2d 269 (1992). "The term 'actual innocence' means factual, as opposed to legal, innocence --'legal innocence', of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence . . . means that the person did not commit the crime." Johnson v. Hargett, 978 F.2d 855, at 859, (5th Cir. 1992). To fall within the actual innocence exception, a habeas petitioner must show that the trier of facts would have entertained a reasonable doubt of his guilt. Kuhlmann v. Wilson, 477 U.S. 436, at 454 n. 17, 106 S.Ct. 2616, at 2627 n. 17. This exception clearly does not apply here as Petitioner makes no allegations of factual innocence.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for habeas corpus relief be **DENIED**, and that this action be **DISMISSED WITH PREJUDICE**.

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(c) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** in chambers at Shreveport, Louisiana, this 15th day of September, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE